IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD

| | |
|---|---|
| Daryl Deshaun Humphrey,           ) | C/A No. 8:14-00718-BHH-JDA |
|                                                     ) | |
| Petitioner,      ) | |
|                                                     ) | |
| v.                                                ) | **REPORT AND RECOMMENDATION** |
|                                                     ) | **OF MAGISTRATE JUDGE** |
| A.Cruz, Warden FCI Williamsburg, ) | |
|                                                     ) | |
| Respondent.   ) | |
| _____ ) | |

This matter is before the Court on Respondent's motion to dismiss or, in the alternative, for summary judgment. [Doc. 18.] Petitioner, proceeding pro se, is a federal prisoner seeking relief under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the District Court.

Petitioner filed this Petition for writ of habeas corpus on March 3, 3014.[1] [Doc. 1.] On May 19, 2014, Respondent moved to dismiss the Petition or, in the alternative, for summary judgment. [Doc. 18.] On May 20, 2014, the Court issued an Order in accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Petitioner of the summary judgment/dismissal procedure and of the possible consequences if he failed to adequately respond to the motions. [Doc. 19.] Petitioner filed a response in opposition to Respondent's motion on June 2, 2014. [Doc. 21.]

---

[1] A prisoner's pleading is considered filed at the moment it is delivered to prison authorities for forwarding to the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). Accordingly, this action was filed on March 3, 2014. [Doc. 1-3 at 2 (envelope stamped as received by the prison mail room on March 3, 2014).]

Having carefully considered the parties' submissions and the record in this case, the Court recommends Respondent's motion for summary judgment be granted and the Petition be denied.

## BACKGROUND

Currently, and at the time he filed the Petition, Petitioner is incarcerated at Federal Correctional Institution Williamsburg, located in Salters, South Carolina. [Doc. 1 at 1.] Petitioner was arrested on March 7, 2008, by the Metropolitan Nashville Police Department, for possession of a controlled substance in a drug-free zone, unlawful use of drug paraphernalia, possession of a weapon during a dangerous felony, evading arrest, resisting arrest, and driving on a suspended driver license. [Doc. 18-1 at 2 ¶ 4; 9–11.] At the time of his arrest, Petitioner had two active probation violation warrants in Tennessee. [*Id.* at 2 ¶ 4.] Petitioner remained in the primary custody of the Tennessee authorities. [*Id.*]

On April 4, 2008, and April 16, 2008, Petitioner's probation was revoked for his two prior state convictions. [*Id.* at 2 ¶¶ 5–6; 13–16.] For his first state probation violation, Petitioner was sentenced to a six-year term of imprisonment and given credit for time served from February 5, 2006, through October 6, 2006; April 20, 2007, through April 26, 2007; and March 21, 2008, through April 4, 2008. [*Id.* at 2 ¶ 5.] For his second state probation violation, Petitioner was sentenced to a one-year term of imprisonment with no credit for time served. [*Id.* at 2 ¶ 6.] Petitioner was placed in the custody of the Tennessee Department of Corrections ("Tennessee DOC") to serve his state probation violation sentences. [*Id.* at 2–3 ¶¶ 5–6.]

A two-count federal indictment was filed against Petitioner on September 17, 2008, in the United States District Court for the Middle District of Tennessee. [*Id.* at 3 ¶ 7; 18–19.] On October 22, 2008, the State of Tennessee dismissed the charges for which Petitioner was arrested on March 7, 2008. [*Id.* at 3 ¶ 8; 24–27.] These charges were the basis of the federal indictment. [*Id.* at 3 ¶ 8.] On October 30, 2008, the United States Marshals Service borrowed Petitioner from the Tennessee DOC to appear in federal court pursuant to an arrest warrant and a federal writ of habeas corpus ad prosequendum. [*Id.* at 3 ¶ 7; 20-23.]

Petitioner was sentenced on August 19, 2011, by the United States District Court for the Middle District of Tennessee ("Tennessee District Court") to a 120-month term of federal imprisonment. [*Id.* at 3 ¶ 9; 28–34.] Petitioner was returned to the custody of the Tennessee DOC on August 26, 2011. [*Id.* at 3 ¶ 9.] On September 22, 2011, the Tennessee DOC computed Petitioner's state sentences and determined they had been satisfied on January 26, 2011. [*Id.* at 3–4 ¶ 10; 35–39.] Petitioner was transferred to the custody of the United States Marshals Service on October 19, 2011. [*Id.* at 4 ¶ 10; 40.] Petitioner arrived at his designated federal institution on November 16, 2011. [*Id.* at 4 ¶ 11.] Petitioner's federal sentence was computed, as commencing on October 19, 2011, and he received 279-days prior custody credit,[2] and he is eligible to earn 470-days Good Conduct Time. [*Id.* at 4 ¶ 11; 42–43.] Petitioner's projected release date is September 30, 2019. [*Id.* at 4 ¶ 11]

---

[2]Petitioner was given credit from March 7, 2008, through March 20, 2008, and January 27, 2011, through October 18, 2011. [Doc. 18-1 at 43.]

3

On March 3, 2014, Petitioner filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Doc. 1.] Petitioner asserts he is entitled to a 42-month prior custody credit, in accordance with the sentence he received from the Tennessee District Court. [Doc. 1 at 2–3.] He requests that this Court order the Tennessee District Court to alter or amend their judgment to properly credit Petitioner for his time served, or order the Bureau of Prisons ("BOP") to grant him nunc pro tunc designation. [*Id.* at 4.]

## APPLICABLE LAW

**Liberal Construction of Pro Se Petition**

Petitioner brought this action pro se, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Pro se pleadings are held to a less stringent standard than those drafted by attorneys. *Haines*, 404 U.S. at 520. Even under this less stringent standard, however, the pro se petition is still subject to summary dismissal. *Id.* at 520–21. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Motions to Dismiss Standards**

*Rule 12(b)(1)*

A motion to dismiss under Rule 12(b)(1) examines whether the complaint fails to state facts upon which jurisdiction can be founded. Fed. R. Civ. P. 12(b)(1). It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. *See id.* The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "'(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts.'" *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

*Rule 12(b)(6)*

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, the court "need not

5

accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).  Further, for purposes of a Rule 12(b)(6) motion, a court may rely on only the complaint's allegations and those documents attached as exhibits or incorporated by reference.  *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985).  If matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(d).

With respect to well-pleaded allegations, the United States Supreme Court explained the interplay between Rule 8(a) and Rule 12(b)(6) in *Bell Atlantic Corp. v. Twombly*:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

550 U.S. 544, 555 (2007) (footnote and citations omitted); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1216, at 235–36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than a bare averment that the pleader wants compensation and is entitled to it or a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action.").

6

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard reflects the threshold requirement of Rule 8(a)(2)—the pleader must plead sufficient facts to show he is entitled to relief, not merely facts consistent with the defendant's liability. *Twombly*, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" (quoting *Twombly*, 550 U.S. at 557)). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible the plaintiff is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

Because Respondent has presented to the Court matters outside the pleadings, which the Court did not exclude, Respondent's motion to dismiss shall be treated as one for summary judgment.

**Summary Judgment Standard**

Rule 56 of the Federal Rules of Civil Procedure states, as to a party who has moved for summary judgment:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. When determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

      The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. *Id.* at 324. Rather, the non-moving party must demonstrate specific, material facts exist that give rise to a genuine issue. *Id.* Under this standard, the existence of a mere scintilla of evidence in support of the non-movant's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude granting the summary judgment motion. *Ross v. Commc'ns Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985), *overruled on other grounds*, 490 U.S. 228 (1989). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Further, Rule 56 provides in pertinent part:

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>
> > (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> >
> > (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). Accordingly, when Rule 56(c) has shifted the burden of proof to the non-movant, he must produce existence of a factual dispute on every element essential to his action that he bears the burden of adducing at a trial on the merits.

**Habeas Corpus**

> *Generally*

Habeas corpus proceedings are the proper mechanism for a prisoner to challenge the legality or duration of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The primary means of attacking the validity of a federal conviction and sentence is through a motion pursuant to 28 U.S.C. § 2255, while a petition for habeas corpus under § 2241 is the proper method to challenge the computation or execution of a federal sentence. *See United States v. Little*, 392 F.3d 671, 678–79 (4th Cir. 2004); *United States v. Miller*, 871 F.2d 488, 489–90 (4th Cir. 1989) (distinguishing between attacks on the "computation and execution of the sentence [and] the sentence itself"). A petition pursuant to § 2241

challenging the execution of a federal prisoner's sentence generally addresses "such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (citing *Chambers v. United States*, 106 F.3d 472, 474–75 (2d Cir. 1997)); *see also Manigault v. Lamanna*, No. 8:06-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as parole matters, computation of sentence by prison officials, prison disciplinary actions, and prison transfers."). A petition under § 2241 must be brought against the warden of the facility where the prisoner is being held, 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004), and "in the district of confinement rather than in the sentencing court," *Miller*, 871 F.2d at 490.

### *Calculation of a Term of Imprisonment*

In a habeas proceeding where computation of a federal sentence is at issue, a court must consider two separate matters: (1) when the federal sentence commences and (2) to what extent the defendant can receive credit for time spent in custody prior to commencement of the sentence. *Pettey v. Sherman,* No. 05-131, 2006 WL 1878327, at *2 (W.D. Pa. July 6, 2006); *see United States v. Wilson*, 503 U.S. 329, 333–35 (1992). Federal statutes mandate when a federal sentence commences and when a petitioner can receive credit for prior custody:

> **(a) Commencement of sentence.**—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives

> voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> **(1)** as a result of the offense for which the sentence was imposed; or
>>
>> **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.

## DISCUSSION[3]

**Credit for Incarceration on Earlier State Charges**

Petitioner claims he is entitled to credit for 42 months served on state charges that he alleges should have been used to calculate his sentence in accordance with the order of the Tennessee District Court. [Doc. 1.] The Court disagrees.

The United States Supreme Court has held that, under 18 U.S.C. § 3585(b), Congress intended the Attorney General, and not the sentencing court, to determine credits for time served, *Wilson*, 503 U.S. at 333–35; the Attorney General's authority to determine these credits has been delegated to the BOP, 28 C.F.R. § 0.96. As stated, pursuant to § 3585(b), the BOP is prohibited from applying any prior custody credit toward a federal sentence unless the prior time served was a result of (1) the offense for which the current sentence was imposed or (2) a charge for which the petitioner was arrested after the commission of the offense for which the current sentence was imposed. 18 U.S.C.

---

[3] Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, courts consistently require prisoners to exhaust their administrative remedies prior to seeking habeas review under § 2241. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490–91 (1973) (requiring exhaustion in a § 2241 matter); *Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (noting courts require "exhaustion of alternative remedies before a prisoner can seek federal habeas relief" (internal quotation marks omitted)). Exhaustion allows prison officials to develop a factual record and "an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court." *Jones v. Bock*, 549 U.S. 199, 204 (2007). Any arguments not advanced at each step of the administrative appeal are procedurally defaulted. *See Moffat v. Broyles*, 288 F.3d 978, 981–82 (7th Cir. 2002). Moreover, if a prisoner cannot obtain an administrative remedy because of his failure to timely appeal at the administrative level, then the prisoner has procedurally defaulted his § 2241 claim, unless the prisoner can demonstrate cause and prejudice for the failure. *See, e.g.*, *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3rd Cir. 1996), *cited with approval in Watkins v. Compton*, 126 F. App'x 621, 622 (4th Cir. 2005); *Nigro v. Sullivan*, 40 F.3d 990, 997 (9th Cir. 1994). Here, Respondent acknowledges Petitioner exhausted the claims advanced in the Petition. [Doc. 18 at 3.]

§ 3585(b). Moreover, § 3585(b) prohibits the BOP from applying prior custody credit toward the federal sentence if the prisoner already received the credit toward another sentence. *Id.*; *see, e.g.*, *United States v. Brown*, 977 F.2d 574, 1992 WL 237275, at *1 (4th Cir. 1992) (unpublished table decision) (citing 18 U.S.C. § 3585(b)) ("[A] defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence."). As a result, in enacting § 3585(b), "Congress made clear that a defendant could not receive a double credit for his detention time." *Wilson*, 503 U.S. at 337.

Here, the record reflects that the BOP calculated Petitioner's credit for time served to avoid awarding Petitioner double credit for his prior detention time. At Petitioner's sentencing, the Tennessee District Court stated that it would "recommend that [Petitioner] receive 42 months of sentence credits for the time that [he had] been incarcerated on this offense. Now, part of that was by local authorities, and that's going to be completely up to the Bureau of Prisons. . . . [T]he Court believes that [Petitioner] should receive credit going back to March 7, 2008 when [he was] first detained."[4] [Doc. 1-1 at 5–6.] The BOP's determination of Petitioner's sentence was within its authority:

> The BOP is vested with the authority by the Attorney General to calculate a federal prisoner's period of incarceration of the sentence imposed. Implicit in this authority is the ability to calculate, and re-calculate, the sentence as changes occur

---

[4]The Tennessee District Court made clear that this was a recommendation and not an order on its Judgment form. The court stated that it made "the following recommendation . . . that the defendant receive forty-two (42) months of sentence credits for the time that he has been incarcerated." [*Id.* at 18-1 at 30.] This language is clearly distinguishable from that directly preceding it, in which the BOP is not allowed any discretion. [*Id.* ("The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of one-hundred twenty (120) months.")]

> and time is earned and lost, and to correct any inaccurate calculations as they are discovered.

*Morgan v. Morgan*, No. 5:08-HC-2114-FL, 2010 WL 3239080, at *3 (E.D.N.C. Aug. 16, 2010) (citation omitted).[5]  Further, the BOP's current computation of Petitioner's time-served credits is in accordance with § 3585(b), which seeks to avoid double crediting a prisoner for time served.  *See* 18 U.S.C. § 3585(b); *Wilson*, 503 U.S. at 337.  The BOP credited Petitioner for the days Petitioner was in state custody in March 2008 on what became exclusively federal charges, as well as for the days Petitioner was in state custody after the end of his state sentence and before the beginning of his federal sentence—a total of 279 days. [Doc. 18-1 at 2–6 ¶ 5; 29, 36–38, 42–43.]  Petitioner has received all of the prior custody credit toward his federal sentence to which he is lawfully entitled, and his federal sentence has been computed correctly in accordance with all applicable statutes and law.  Accordingly, summary judgment is appropriate.[6]

---

[5]Petitioner argues under *Ruggiano v. Reish*, 307 F.3d 121, 126 (3rd Cir. 2002), that the Tennessee District Court's statements were an order that the BOP is required to follow and not a recommendation.  *Ruggiano* held that a federal court may grant an adjustment for time served on a preexisting sentence pursuant to § 5G1.3(c) by making the federal sentence retroactively concurrent with the preexisting sentence.  However, a South Carolina District Court has addressed *Ruggiano* and found that the 2003 amendment to the § 5G1.3's Application Notes and subsequent rulings by the Third Circuit Court of Appeals abrogated *Ruggiano's* holding.  *Goodwin v. United States*, No. 3:07-cr-00170-MBS, 2011 WL 1343217, at *10 (D.S.C. Apr. 8, 2011).

[6]Petitioner also moves for a nunc pro tunc designation.  In *Barden v. Keohane*, 921 F.3d 476 (3rd Cir. 1991), a petitioner brought a § 2241 habeas petition to gain credit for time served in a state prison by having that state facility designated a federal facility nunc pro tunc.  In pursuing his administrative remedies, BOP declined to recognize that it had the statutory authority to make such a designation.  The *Barden* court held that a petitioner was "entitled to have his request considered by the agency with the statutory power to grant it and that 28 U.S.C. § 2241 is available to compel that consideration."  *Id*. at 484.  Here, however, Petitioner was sentenced by the Tennessee District Court on August 19, 2011; thus, August 19, 2011, is the earliest that Petitioner could have received credit for

**Applicability of USSG § 5G1.3(b)**

To the extent Petitioner seeks credit for his prior state sentences pursuant to U.S. Sentencing Guideline Manual ("USSG") § 5G1.3(b), an allegation that USSG § 5G1.3 should have been applied is a collateral attack on Petitioner's sentence that should be brought under 28 U.S.C. § 2255. *Bacon v. Fed. Bureau of Prisons*, No. 6:00-cv- 545-DCN, 2001 WL 34684734, at *3 (D.S.C. Mar. 22, 2001) (unpublished opinion) (citing *Cohen v. United States*, 593 F.2d 766 (6th Cir. 1979)) (stating that an allegation that USSG § 5G1.3 should have been applied is an attack on the sentence imposed, not on the execution of the sentence, making it a collateral attack); *see also In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) ("Those convicted in federal court are required to bring collateral attacks challenging the validity of their judgment and sentence by filing a motion to vacate sentence pursuant to 28 U.S.C.A. § 2255."). A petitioner may collaterally attack his sentence through a § 2241 habeas petition only when the petitioner shows that his remedies under § 2255 were inadequate or ineffective. *Vial*, 115 F.3d at 1194. Therefore, to the extent Petitioner challenges his sentences pursuant to USSG § 5G1.3, Petitioner's claims would be more adequately addressed through a § 2255 habeas petition.

---

his sentence through a nunc pro tunc designation. However, Petitioner has already received credit from January 27, 2011, through October 18, 2011. [Doc. 18-1 at 42–43.] Accordingly, Petitioner's request for nunc pro tunc designation is redundant because even if the Court were to find that Petitioner is entitled to a nunc pro tunc designation, Petitioner would not receive any additional time credits.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that Respondent's motion for summary judgment be GRANTED, and the Petition be DENIED.

IT IS SO RECOMMENDED.

s/Jacquelyn D. Austin
United States Magistrate Judge

January 22, 2015
Greenville, South Carolina