IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Daryl Deshaun Humphrey,<br><br>　　　　　　　　　Petitioner,<br><br>　　v.<br><br>A. Cruz, Warden FCI Williamsburg,<br><br>　　　　　　　　　Respondent.<br>_____ | ) Civil Action No.: 8:14-718-BHH<br>)<br>)<br>)<br>) **OPINION AND ORDER**<br>)<br>)<br>)<br>)<br>) |

The petitioner Daryl Deshaun Humphrey ("the petitioner" or "Humphrey"), a federal prisoner proceeding *pro se*, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Jacquelyn D. Austin for pretrial handling and a Report and Recommendation. Magistrate Judge Austin recommends that the motion for summary judgment filed by the respondent, A. Cruz (the "respondent") be granted and the petition be denied. (ECF No. 35.) The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

The petitioner filed this action against the respondent on March 3, 2014,[1] alleging that the Bureau of Prisons (BOP) has incorrectly calculated his sentence by failing to give him a 42-month prior custody credit to which he is entitled. On January 22, 2015, the

---

[1] This filing date reflects that the envelope containing the petition was stamped as having been received on March 3, 2014, by the FCI/SCP Williamsburg mailroom. (ECF No.1-3.) *Houston v. Lack*, 487 U.S. 266 (1988) (holding prisoner's pleading is considered filed when given to prison authorities for forwarding to the district court).

Magistrate Judge issued a Report and Recommendation recommending that the respondent's motion for summary judgment be granted and the petition be denied. (ECF No. 35 at 16.) On February 2, 2015, the plaintiff filed Objections. (ECF No. 36.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

As noted above, the petitioner filed objections to the Magistrate Judge's Report and Recommendation, accordingly, the Court has conducted a *de novo* review of the Report and Recommendation and the record as a whole. The petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition.

The Magistrate Judge recommended granting the respondent's motion for summary judgment because the petitioner has not shown that BOP's calculation of his sentence is incorrect. The petitioner argues that his sentencing judge intended for him to receive 42 months of credit served, which BOP has refused to grant him. However, as the Magistrate Judge correctly observed, Congress has delegated the task of calculating credits for time served to the Attorney General, as opposed to the sentencing Judge. The petitioner's sentencing judge indicated as much when he advised the petitioner that BOP would be the one to determine what period of time qualified as time served. "The Court will recommend that you receive 42 months of sentence credits for the time that you have been incarcerated on this offense. Now, part of that was by local authorities, and that going to be completely up to the Bureau of Prisons. Do you understand that?" (*See* Transcript, ECF No. 1-1 at 5.) While the sentencing judge may have believed or hoped that the petitioner would receive credit for the 42 months, he made it explicitly clear that this was determination that would have to be made by BOP.

The petitioner has not directed the Court to any error in BOP's calculation of his sentence. Indeed, as the Magistrate Judge explained, it appears that BOP's calculation is compelled by the application of the governing law to the clear facts of this case. *See*, *e.g.*, *United States v. Lytle*, 565 F. App'x 386, 392 (6th Cir.) cert. denied, 135 S. Ct. 262, 190 L. Ed. 2d 195 (2014) ("[A]t the time of sentencing in the instant federal case, Lytle's state-court sentence had yet to expire and he was therefore continuing to receive credit against his state sentence. Time which has been credited towards service of a state sentence may not be 'double counted' against a federal sentence."). The 42 months for

which the petitioner is seeking credit were served because the petitioner violated his probation stemming from a prior conviction. Since the petitioner received credit toward a separate sentence, BOP correctly determined that he is not entitled to the credit he seeks here.

The Court also agrees with the Magistrate Judge's conclusion that, to the extent the petitioner is seeking credit for his prior state sentences pursuant to USSG § 5G1.3(b), this allegation should have been brought under 28 U.S.C. § 2255.

Having carefully reviewed Plaintiff's objections and having made a *de novo* review of the Report and Recommendation and the record in this case, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Upon review, the Court finds that the plaintiff's objections have no merit and are hereby overruled.

## **CONCLUSION**

For the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report and Recommendation in full. It is therefore ORDERED that respondent's motion for summary judgment (ECF No. 18) is **GRANTED**, and the petition is DENIED.

IT IS SO ORDERED.

s/Bruce Howe Hendricks
United States District Judge

March 17, 2015
Greenville, South Carolina